1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8   United States of America,        )
                                      )
9        Plaintiff/Respondent,        )    CR  05-00281 PHX EHC
                                      )    CIV 08-00168 PHX EHC (MEA)
10            v.                      )
                                      )    REPORT AND RECOMMENDATION
11  Roberto Rivas Castillo,           )
                                      )
12           Defendant/Movant.        )
                                      )
13  _____ )

14  TO THE HONORABLE EARL H. CARROLL:

15        Mr. Roberto Rivas Castillo ("Movant") is currently

16  confined at the United States prison at Lompoc, California,

17  pursuant to his conviction by the United States District Court

18  for the District of Arizona.  On January 25, 2008, Movant filed

19  a *pro se* motion pursuant to 28 U.S.C. § 2255, challenging his

20  conviction on one count of illegal reentry into the United

21  States.  Respondent filed a Response in Opposition to Motion for

22  Reduction of Sentence Under 28 U.S.C. § 2255 ("Response")

23  (Docket No. 139) on May 6, 2008.[1]

24        **I.  Procedural History**

25        Movant was deported to Mexico on or about March 7,

26  1992.  See Docket No. 133 at 6.  Movant subsequently returned to

27

28  _____

         [1] The docket numbers cited to in this Report and Recommendation
    indicate the docket number of the pleading filed in the CM/ECF criminal case
    docket number.

the United States without permission.  _Id._  Movant was taken into custody and, on April 23, 1999, the 1992 order of deportation was re-instated and Movant was again deported to Mexico.  _Id._

On March 8, 2005, Movant was arrested by agents of the United States Department of Homeland Security after entering the United States from Mexico.  Docket No. 1.  On March 9, 2005, a complaint was filed charging him with one count of illegal reentry after deportation and one count of attempted illegal reentry after deportation, both in violation of 8 U.S.C. § 1326(a) as aggravated by section 1326(b)(2).  _E.g._, Docket No. 37 at 1.[2]

On April 5, 2005, a federal grand jury indicted Movant on one count of the completed crime of illegal reentry after

---

[2]
any alien who--
(1) has been ... deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
shall be fined under Title 18, or imprisoned not more than 2 years, or both.
8 U.S.C. § 1326(a) (2005 & Supp. 2008).  Subsection b provides:
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
***
(3) ... or who has been removed from the United States ..., and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence.

deportation in violation of 8 U.S.C. § 1326(a) as aggravated by section 1326(b)(2).  See Docket No. 7.  On May 17, 2005, at a hearing intended to be a hearing regarding a plea agreement, Movant asserted he did not want to enter into a plea agreement. See Docket No. 11.  At that time Movant asked the Court to appoint new counsel in lieu of his appointed counsel, Mr. Reeves.  Id.  Movant's motion for different counsel was denied. See id.

Movant, through counsel, filed several motions to continue his trial date.  See Docket Nos. 14, 16, 18.  A minute entry dated July 27, 2005, indicates counsel for the parties appeared before the Court and represented to the Court that a plea agreement had been extended and that Movant's counsel believed the case would be resolved by means of a plea agreement.  See Docket No. 20.  On August 5, 2005, the Court vacated a trial date with the intent of taking Movant's guilty plea.  See Docket No. 22.  On August 17, 2005, the Court vacated the scheduled plea hearing and set August 30, 2005, as a trial date.  See Docket No. 23.

On August 23, 2005, the government filed a notice of its intent to use Movant's confession against him at trial.  See Docket No. 25.  A hearing was conducted on August 25, 2005, at which time a trial date was set for August 30, 2005.  See Docket No. 26.

On August 26, 2005, the government filed a motion to dismiss the standing indictment, issued April 5, charging the completed crime of illegal reentry after deportation.  See Docket No. 30.  The government averred to the Court:

> Several days ago, defendant's attorney raised the issue that defendant, [] may have been under "official restraint" in that defendant may have been under continuance surveillance (sic) by law enforcement for essentially the entire period from his crossing of the border from Mexico into the United States until his physical apprehension approximately one half mile north of the San Luis Port of Entry. The United States investigated this claim and has determined thus far that conclusive proof does not exist to establish that defendant was not under continual surveillance. Thus, the United States presently believes defendant should be charged under the "attempts to enter" clause ..., rather than the "found in" clause of the statute. Therefore, the United States has re-charged defendant by way of Criminal Complaint which is presently pending. The United States intends to re-indict defendant citing the appropriate clause of the statute. Therefore, it is necessary and appropriate to dismiss the instant Indictment. Therefore, the United States respectfully requests that the Court dismiss the instant Indictment without prejudice.

On August 30, 2005, Movant filed a stipulated motion seeking substitution of counsel and retained counsel Erin Alvarez entered the case.  See Docket No. 31.

On August 30, 2005, a superseding grand jury indictment charged Movant with one count of attempted illegal reentry after deportation.  See Docket No. 34.  On September 1, 2005, the Court ordered the parties to brief the issue as to whether dismissal of the indictment, pursuant to the government's motion at docket number 30, should be with or without prejudice.  See Docket No. 33.

On September 7, 2005, Ms. Alvarez filed a motion to dismiss the superseding indictment with prejudice.  See Docket No. 37.  In this pleading, counsel noted that, "On August 26, [2005], a new complaint was filed against [Movant], alleging the

-4-

same factual scenario as in Count I of the March 9, 2005 complaint.  On August 30, 2005, a superceding indictment was filed against [Movant] alleging *attempted* illegal re-entry, the same charge as in the March complaint and the identical charge as the August 26th complaint."  Id. at 2.  Counsel further stated that the second complaint was filed "to gain strategic advantage since it had filed to dismiss on the original case." Id.  With regard to Movant's intent to pursue a "constant surveillance" defense, counsel stated that the evidence that Movant "may have been under constant surveillance by the government" was "evidence that the government had since inception of this case."  Id. at 4.  Counsel further averred that the government "had plenty of time to investigate and properly charge its case... The government admitted first that it had mis-charged this case.  Later at the arraignment on the superceding indictment, the government claimed there was an 'error' in the original complaint."  Id. at 5.

Counsel argued that effectively allowing amendment of the indictment to attempted re-entry, after the grand jury had indicted only on the completed crime, violated Movant's right "to be tried only  on a felony offense voted on by a grand jury." Id.

> In other words, after the original complaint was filed in this case, the government, who had already had the alternative theories of illegal re-entry after deportation and attempted illegal reentry after deportation filed not only a new complaint against defendant, but filed a superceding indictment.  The government chose, based on the facts known to them then and today, to seek an indictment for illegal re-entry. ... It was only at the eleventh hour that the

1
2
>           government decided to change its course of
           action in order to avoid losing the trial on
           August 30th. ...
           In federal criminal cases, the government is
           the party which has access to most, if not
           all, exculpatory information throughout the
           case. In fact, defendant is not able to
           interview the agents in question and only has
           the word of the agents in a report when
           assessing whether or not the case is an
           attempt or an actual illegal re-entry.  In
           fact, the report itself indicates that the
           Defendant was under surveillance by camera,
           the same report available to the government
           in March at the time of defendant's arrest.
           Defendant asserts that rather than conduct a
           thorough investigation of its own witnesses
           in order to seek the proper indictment, the
           government assumed one theory and when
           presented with the idea that it could be the
           wrong one, immediately moved to dismiss
           without prejudice, seemingly to buy more time
           and "get their guy."

3
4
5
6
7
8
9
10
11
12

13 Id. at 7-8.

14 On September 20, 2005, the Court denied the

15 government's motion to dismiss the indictment as moot and also

16 denied Movant's motion to dismiss the superseding indictment

17 with prejudice.  See Docket No. 40.

18 On October 25, 2005, a second superseding indictment

19 was filed, charging Movant with attempted reentry on or about

20 March 7, 2005, after his deportation in April of 1999.  See

21 Docket No. 44.  The indictment charged Movant had committed an

22 "overt act that was a substantial step towards entering the

23 United States, to wit: crossing the border between the United

24 States and Mexico," in violation of section 1326(a) as enhanced

25 by subsection (b)(2).  Docket No. 44.[3]

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27       [3] On October 11, 2005, the Ninth Circuit reversed the conviction of
a defendant entered by the District Court for the District of Arizona,
28 holding the government's failure to allege any specific overt act that was
a substantial step toward re-entry into the United States was a fatal defect

Movant filed a motion seeking to substitute his retained counsel, Ms. Alvarez, on January 12, 2006. <u>See</u> Docket No. 55. The motion was denied. <u>See</u> Docket No. 61.

Movant pled not guilty and was tried before a jury on February 1, 2006. <u>See</u> Docket No. 71. The jury found Movant guilty of attempted illegal reentry after deportation. <u>See</u> Docket No. 75. Movant filed three motions to continue his sentencing, which motions were granted. On July 18, 2006, Movant was sentenced to a term of 70 months imprisonment pursuant to this conviction. <u>See</u> Docket No. 83. The Court recommended that Movant be committed to a facility near Oregon and that Movant be provided educational opportunities.

Movant took a direct appeal of his conviction and sentence. As of November 7, 2006, Movant was represented in his direct appeal by Mr. Park, who was appointed as his counsel pursuant to an order of the Ninth Circuit Court of Appeals. In his direct appeal Movant argued the trial court erred by failing to dismiss the first superseding indictment pursuant to the requirements of the Speedy Trial Act, i.e., because it was filed more than thirty days after the complaint was filed. <u>See</u> Docket

---

in an indictment charging attempted unlawful re-entry following deportation. <u>See</u> <u>United States v. Resendiz-Ponce</u>, 425 F.3d 729. The decision of the Ninth Circuit was reversed two years later by the United States Supreme Court. In its opinion reversing the Ninth Circuit the Supreme Court noted that, to be guilty of attempted re-entry in violation of 8 U.S.C. § 1326(a) a defendant must commit an overt act qualifying as a substantial step toward completion of his goal. <u>See</u> <u>United States v. Resendiz-Ponce</u>, 549 U.S. 102, 127 S. Ct. 782, 787 (2007) (holding that an indictment alleging the defendant had violated section 1326(a) was adequate because it alleged that on a specific date near a specific place the defendant had "attempted to enter the United States..." which was adequate as to both the overt act and intent requirements for a criminal indictment).

No. 132.   In a footnote in his appellate brief, Movant "suggest[ed]," Answer at 2, that he had been denied his right to the effective assistance of trial counsel because counsel failed to move to dismiss the superseding indictment on this basis. The Ninth Circuit Court of Appeals denied the appeal in a decision filed September 11, 2007.   See Docket No. 132.   The Ninth Circuit determined that the trial court's error in failing to dismiss the first superseding indictment was harmless error because any dismissal would have been without prejudice.   Id.

In his section 2255 action, Movant asserts he was denied his right to the effective assistance of trial counsel. Movant alleges his counsel, Mr. Reeves, "let the government know about the constant [surveillance] defense," and that, had his counsel not done so, a superseding indictment to allege an attempted crime would have been precluded and Movant would have been acquitted of the underlying, un-amended charge of completed illegal reentry.   Docket No. 133 at 5.   Movant also contends his appellate counsel was ineffective because counsel failed to assert that the indictment in this matter was invalid because it "rested upon a reinstatement order..."   Id. at 6, citing 8 C.F.R. § 241.8.

**II.   Discussion**

Claims of ineffective assistance of federal criminal counsel are properly raised for the first time in a section 2255 action.   See, e.g., United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003).   To prevail on his claims, Movant must establish both that his counsel's performance was unreasonable under the prevailing professional standards and the reasonable

probability that, but for counsel's unprofessional errors, the results of his criminal proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 694-95, 104 S. Ct. 2052, 2068-69 (1984); Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

Movant must overcome the strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). Because Movant must establish prejudice arising from any error, counsel is *per se* not ineffective if counsel "failed" to raise a meritless argument or to pursue a meritless defense. See, e.g., Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir. 1992); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982).

**A.   Movant alleges his counsel's performance was deficient because counsel informed the government on the eve of trial that he intended to assert a "constant surveillance" defense, and that providing this information to the government was prejudicial.**

Movant asserts that his defense counsel "let the government know about the constant [surveillance] defense," and that, had his counsel not done so, a superseding indictment would have been precluded and Movant would have been acquitted

1   of the underlying, un-amended charge of illegal reentry.[4]

2        To establish that counsel's conduct was

3   unconstitutionally substandard, a section 2255 petitioner must

---

4

5   [4] The "constant surveillance" defense asserts a defendant may not be found guilty of the completed crime of illegal re-entry when they are being watched by federal agents from or before the time they cross the border into the United States.

> 8 U.S.C. § 1326 prohibits deported aliens from reentering the United States without authorization. Reentry occurs when such an alien "enters, attempts to enter, or is at any time found in, the United States" without consent. 8 U.S.C. § 1326.... The issue is whether there is sufficient evidence of: (1) an entry; (2) an attempted entry; or (3) being "found in" the United States. Because these three offenses are distinct, see Pacheco-Medina, 212 F.3d at 1165 [vacating conviction pursuant to "found in" prong of section 1326 because there was insufficient evidence to conclude the defendant had actually "managed" to enter the United States free of constant surveillance], the acquittal denial must be affirmed if there is sufficient evidence to support a conviction on any one of the three grounds. ... Attempted entry essentially requires two elements: (1) the specific intent to reenter without consent; and (2) an overt act that was a substantial step towards this illegal reentry. See United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc).
> ***
> First, [the petitioner] argues that he could not have taken a substantial step towards reentry because he was under official restraint (the surveillance cameras) that prevented him from completing an entry into the United States. Assuming without deciding that [the petitioner] was under official restraint to a sufficient degree as to preclude an entry, see Pacheco-Medina, 212 F.3d at 1162, *any such restraint does not also ipso facto defeat a conviction based on attempted reentry. The mere fact that an alien is under official restraint does not make substantial steps toward entry impossible....*

United States v. Leos-Maldonado, 302 F.3d 1061, 1063 (9th Cir. 2002) (emphasis added).

> Attempted illegal reentry requires proof of specific intent, [] more particularly the specific intent "to reenter without consent." United States v. Leos-Maldonado, 302 F.3d 1061, 1063 (9th Cir. 2002). Because an alien has not "reentered" unless he has done so free from official restraint, the requirement of specific intent for this attempt crime means that to be found guilty, a defendant must have the specific intent to reenter "free from official restraint."

United States v. Lombera-Valdovinos, 429 F.3d 927, 929 (9th Cir. 2005) (internal citations omitted).

---

establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Johnson v. Alabama, 256 F.3d 1156, 1176-77 (11th Cir. 2001). Movant has not shown that his counsel's meeting with the government and "revealing" to them that Movant may have been under constant surveillance after crossing the border until his apprehension was professional representation below the prevailing norm.  Pre-trial discussions between the prosecution and the defense are an accepted criminal defense practice. Competent counsel do regularly indicate to opposing counsel the strengths of their defenses in order, for example, to achieve a more favorable plea agreement for their client.

Counsel's performance with regard to the government's charging of the crime and the constant surveillance defense was not deficient.  Counsel vigorously challenged the government's attempts to supercede the indictment, and to re-charge Movant in a separate criminal complaint, seemingly undertaken by the government to avoid a trial on the merits of the charged completed crime based on the government's lack of evidence to support conviction on the "entry" prong of the statute. Counsel's performance was within reason under the prevailing professional norms.  Accordingly, this claim may be denied because Movant has not established the deficient performance prong of the Strickland test.

Additionally, Movant has not established that he was prejudiced by the government's "discovery" of his counsel's intent to argue a constant surveillance defense to the jury.  As

-11-

noted by Movant's counsel in the motion to dismiss the superceding indictment with prejudice, the government knew of the factual circumstances regarding any surveillance or lack thereof well before the time defense counsel allegedly "disclosed" its defense theory.   The government presumably considered the alternative prongs of section 1326, i.e., entry, attempted entry, or "found in," at the time it sought the grand jury indictment in March of 2005.   Accordingly, Movant suffered no prejudice as a result of counsel's allegedly deficient act in disclosing a constant surveillance defense to the government in August of 2005.

**B.   Movant argues his appellate counsel was unconstitutionally ineffective because counsel failed to assert the indictment was invalid.**

Movant contends his appellate counsel should have raised the issue that the second superseding indictment was invalid because the predicate prior order of removal was reinstated by an immigration officer rather than an immigration judge.

Federal statutes bestow the Department of Homeland Security's division of Immigration and Customs Enforcement ("ICE") with the authority to reinstate a previously executed removal order.   <u>See</u> 8 U.S.C. § 1231(a)(5) (2005 & Supp. 2008). Pursuant to this statute and federal regulations, immigration officers and immigration judges may reinstate the prior removal orders of aliens who illegally reenter the United States.   <u>See</u> 8 C.F.R. § 241.8 (2007).

The undersigned agrees with Respondents' response to this claim in Movant's petition:

Defendant claims that the Ninth Circuit invalidated the reinstatement process, but does not cite the case. The United States presumes Defendant refers to the case of Morales-Izquierdo v. Gonzalez, 486 F.3d 484 (9th Cir. 2007).

The case history is as follows. On November 18, 2004, the Ninth Circuit issued a decision in this case (Morales-Izquierdo v. INS, 388 F.3d 1299), which concluded that INA § 241(a)(5) required reinstatement hearings to take place before immigration judges, and invalidated the regulation permitting immigration officials to enter reinstatement orders. On September 12, 2005, the Ninth Circuit granted the government's petition for a rehearing en banc and withdrew the opinion in Morales-Izquierdo (423 F.3d 118 (9th Cir. 2005)). The Court's decision in 2007 unambiguously held that the regulation authorizing immigration officers rather than immigration judges to reinstate removal orders was not violative of due process and was, therefore, allowable. Defendant's claim that reinstatement of prior order of removal is not allowed is erroneous. Defendant's assertion that Ninth Circuit case law precludes the reinstatement of prior removal orders is mistaken and appears to be based on case law which was withdrawn. Appellate counsel cannot be expected to raise issues that have no merit.

Docket No. 139 at 5.

At the time of Movant's direct appeal, i.e., when he was appointed counsel in November of 2006 through the time the Ninth Circuit decided his appeal in September of 2007, the Ninth Circuit's opinion in Morales-Izquierdo had been withdrawn and was not good law. Accordingly, an argument predicated on this holding raised with the Ninth Circuit Court of Appeals in Movant's direct appeal would have failed. This conclusion is supported by the ultimate 2007 decision of the Ninth Circuit in Morales-Izquierdo. Accordingly, Movant was not prejudiced by any alleged failure of his appellate counsel to raise this

-13-

argument.   Because the specific issue Movant argues would not have likely provided grounds for reversal, he has not shown prejudice arising from his appellate counsel's failure to raise this argument.   <u>See</u>, <u>e.g.</u>, <u>Wildman v. Johnson</u>, 261 F.3d 832, 840 (9th Cir. 2001); <u>United States v. Moore</u>, 921 F.2d 207, 210-11 (9th Cir. 1990).

### III.  Conclusion

Movant has not established that his trial counsel or his appellate counsel's performance was deficient or that he was prejudiced by any alleged deficiency of either counsel.

**IT IS THEREFORE RECOMMENDED** that Mr. Rivas Castillo's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S.

900 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 14th day of July, 2008.


_____
Mark E. Aspey
United States Magistrate Judge

-15-